**DUANE MORRIS LLP**
Sean Patterson (SBN 234565)
CSPatterson@duanemorris.com
Daniel D. Wall (SBN 311391)
DWall@duanemorris.com
Spear Tower
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001

Attorneys for Defendant
MY TECHNOLOGY, INC., d/b/a MYPRIZE.US

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RAYMOND MIRZAYAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MY TECHNOLOGY, INC., d/b/a MYPRIZE. US,

Defendant.

Case No. 3:25-cv-07313-JSC

**DECLARATION OF BRYAN WEISGAL IN SUPPORT OF MY TECHNOLOGY, INC's MOTION TO COMPEL ARBITRATION**

Dept: Courtroom 8, 19th Floor
Judge: Judge Jacqueline Scott Corley
Date: February 5, 2026
Time: 10:00 am.

Trial Date: None Set
Date Class Action Filed: August 8, 2025

I, Bryan Weisgal, declare and state as follows:

1. I am the General Counsel of Defendant My Technology, Inc., d/b/a MyPrize.US ("MyPrize"). I make this declaration in support of MyPrize's Motion to Compel Arbitration in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to the matters stated herein.
2. As part of my responsibilities at MyPrize, I am familiar with the Company's operations, including the MyPrize platform, Terms of Use ("TOU"), MyPrize Sweepstakes ("Sweepstakes Rules"), the account-registration flow, and business records.
3. MyPrize operates a free-to-play online social casino and sweepstakes platform that offers games for entertainment. Users may obtain virtual "Gold Coins" for recreational play and "Sweeps Cash," which may be used for sweepstakes entries subject to the Sweepstakes Rules.
4. Users voluntarily choose whether to participate on the Platform. No actual money is required to play. Users may stop using the Platform at any time without penalty or consequence. MyPrize does not provide any essential or critical service such as utilities, banking, employment, housing, or healthcare.
5. Users must register an account to access the platform and accept the Terms of Use prior to engaging in any monetary transactions on the Platform, including purchasing Gold Coins or using Sweeps Cash. A user cannot engage in monetary transactions or sweepstake entries without accepting the Terms of Use.
6. In the ordinary course of business, MyPrize automatically maintains electronic records reflecting: (1) a user's account creation, (2) the version of the TOU accepted, (3) the timestamp of acceptance, (4) the user's IP address and device identifier, and (5) subsequent account-based activity. These records are made at or near the time of the underlying events by MyPrize's automated systems and personnel with knowledge of

the information recorded, and they are kept in the ordinary course of MyPrize's regularly conducted business activities.

7. I have reviewed MyPrize's business records for the account associated with Plaintiff Raymond Mirzayan. These records show that Plaintiff created his MyPrize account on March 13, 2025 and TOU Version 1.3 was the operative TOU in effect on that date. A true and correct copy of TOU Version 1.3 is attached hereto as **Exhibit A**.

8. Plaintiff could not have accessed or played any account-based games or made any purchases without registering an account or accepting the TOU. Plaintiff registered his account under the username: blueEvening42, and all of the activity reflected on Plaintiff's account (including Gold Coin purchases, Sweeps Cash use, and gameplay) occurred after his acceptance of the Terms of Use and Sweepstakes Rules. Plaintiff could not have accessed or played any MyPrize games associated with this account prior to that date. A true and correct copy of the business-records log reflecting Plaintiff's account creation is attached hereto as **Exhibit B**.

9. During the account-registration process, users encounter a mandatory registration screen that includes sign-up options (Google, Twitter, Facebook, Apple, or Email) and a written advisal with a selectable click box. Immediately below the sign-up options, the screen displays the statement: "I am over the age of 18 and agree to the Terms of Use (updated as of [date]) and Privacy Policy." With the exception of the "updated as of" date displayed on the screen, the screenshot shown in **Exhibit C** including the layout, placement, and text of the advisal are the same as the page Plaintiff viewed during his March 13, 2025 registration. The "updated as of" date on the registration page reflects only the most recent front-end styling update to the page. The relative arbitration provisions and class-action waivers have remained substantively unchanged since Plaintiff registered. A true and correct screenshot of the registration screen is attached hereto as **Exhibit C.**

10. Regardless of the registration path used, a user cannot make any monetary transactions on the platform without first creating an account and agreeing to the Terms of Use.

11. Sweepstakes participation requires acceptance of the Terms of Use and is governed by the MyPrize US Sweepstakes Official Rules. A true and correct copy of the Sweepstakes Rules in effect as of January 6, 2025, is attached hereto as **Exhibit D**. The Sweepstakes Rules expressly incorporate the TOU, including the arbitration agreement and class-action waiver.

12. All exhibits attached hereto are true and correct copies of documents maintained by MyPrize in the ordinary course of business. These records were created at or near the time of the underlying events and are kept by persons with knowledge of the transactions recorded.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 24, 2025, in New York City, New York.

*/s/ Bryan Weisgal*
Bryan Weisgal
General Counsel of My Technology, Inc.