# EXHIBIT B

Order prepared by the court

FILED
Superior Court of California
County of San Francisco
9/2/2025
CLERK OF THE SUPERIOR COURT
By Victor De Pomalca
Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

Dept. 301

THOMAS PORTUGAL,

Plaintiff,

v.

HIGH 5 ENTERTAINMENT LLC and ACIES INVESTMENTS FUND, I., L.P.,

Defendants.

Case No. CGC-24-621047

**ORDER DENYING HIGH 5 ENTERTAINMENT LLC'S MOTION TO ARBITRATE**

Defendant High 5 Entertainment, LLC moves to compel arbitration of plaintiff Thomas Portugal's claims. It has met its initial burden of showing there is an arbitration agreement between the parties in its terms of use, attached as Exhibit A to the Singer Declaration ("Terms"). For the reasons stated herein, the court nonetheless denies the motion to compel.

Portugal presents three independent grounds for denying relief. One is that this dispute is beyond the scope of the arbitration agreement. The second is that the arbitration

agreement is unconscionable. The third is that the contract itself is illegal and thus void. Because the court rejects arbitration here on the first two grounds, it does not reach the third.

Scope and Applicability: The court takes judicial notice of the First Amended Complaint in this action. Portugal's prayer for relief prays for "public injunctive relief" to shut down the operation of high5casino.com and preclude the defendants from receiving compensation from it and for fees and costs. (FAC p. 37.) The Terms here preclude the arbitrator from awarding "relief . . . for the benefit of any person who is not a party to the proceeding." (Terms, para. 33.g., pdf p. 45.) High 5's position is that it is not seeking to compel arbitration of Portugal's claims for injunctive relief. (Reply at p. 8: 11-12.) Portugal's position is that he "seeks only public injunctive relief." (Opp. at p. 12:5-6.) It appears to the court that High 5's motion to compel arbitration is moot; there is no claim for damages here.

High 5's contrary argument is that Portugal's vestigial prayer for "such other and further relief as the Court may deem proper" (FAC p. 37) is a prayer for damages. This is dubious in light of Portugal's disavowal of any prayer for damages. Accordingly, the court denies the motion because it is moot; there is no claim here that High 5 contends is arbitrable.

Even if the First Amended Complaint raised a claim for damages, the court would conclude that the arbitration provision is unenforceable because it is unconscionable. The court first considers whether the arbitrator should decide the unconscionability issue, and then turns to the issue itself.

Delegation: High 5 contends that the unconscionability issue should be decided by the arbitrator in light of the terms of use. "The usual presumption is that a court, not an arbitrator, will decide in the first instance whether a dispute is arbitrable. The parties may agree to delegate authority to the arbitrator to decide arbitrability, but given the contrary presumption, evidence that the parties intended such a delegation must be clear and unmistakable before a court will enforce a delegation provision. This is a heightened standard, higher than the

evidentiary standard applicable to other matters of interpreting an arbitration agreement." (*Gostev v. Skillz Platform, Inc.* (2023) 88 Cal.App.5th 1035, 1048 [citation simplified].)[1]

The court concludes that there is no clear and unmistakable delegation here. To the contrary, the Terms state at paragraph 33.e. that "[n]otwithstanding any provision of the AAA Rules, any dispute over the formation, enforceability, validity or severability of any provision of this Section ("DISPUTE RESOLUTION BY BINDING ARBITRATION AGREEMENT') shall be resolved by a court and not be a subject of the arbitration. (Terms, pdf pp. 44-45.) Thus, whether the arbitration agreement is unenforceable because it is unconscionable is reserved to this court and not to the arbitrator.

Unconscionability: A party claiming unconscionability must establish procedural and substantive unconscionability, but the two components are examined on a sliding scale. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114.)

In *A & M Produce Co. v. FMC Corporation* (1982) 135 Cal.App.3d 473, 486-487, the court explains that "unconscionability has both a 'procedural' and a 'substantive' element," the former focusing on " 'oppression' " or " 'surprise' " due to unequal bargaining power, the latter on " 'overly harsh' " or " 'one-sided' " results. "The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." (*Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1533.) But they need not be present in the same degree. Essentially a sliding scale is invoked which disregards the regularity of the

---

[1] High 5 points to a New Jersey choice of law provision in the Terms. Other than citing New Jersey authority for the proposition that a clickwrap agreement can create a binding contract, however, High 5 does not offer any analysis under New Jersey law of the unconscionability and voidness issues at play in this motion. Both parties rely on California and federal authority. The court concludes that High 5 has waived any argument that New Jersey law differs from California law in the interpretation or enforceability of this agreement.

procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves. (See *A & M Produce Co.*, 135 Cal.App.3d at 487.) In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to reach the conclusion that the term is unenforceable, and vice versa.

The court concludes that there is a moderate degree of procedural unconscionability here. This is a contract of adhesion. The user is given an opportunity to click through to view the Terms but they are not presented on the page where the user manifests agreement. (Singer Dec. para. 4.) A user who agrees is told that the agreement will change from time to time without notice. (Terms, pdf p. 8.) The user has the opportunity to opt out under the Terms, and the arbitration agreement is highlighted in the Terms. But the rules of the AAA arbitral forum are not provided with the Terms.

Turning to substantive unconscionability, the court concludes that there is a high degree of substantive unconscionability. The Terms impose a one-year limitations period for all claims regardless of the underlying substantive law. The Terms also require each party to bear their own fees and costs, abrogating any right by a consumer plaintiff who acts as a catalyst to bring about public benefit to recover fees pursuant to Code of Civil Procedure, § 1021.5. In addition, as discussed above, the Terms preclude the arbitrator from awarding public injunctive relief. As applied to this case, under High 5's construction, the Terms would require Portugal to first arbitrate a claim for damages that he does not wish to bring before gaining the ability to litigate the public injunctive relief claim.

Where an arbitration agreement has unconscionable terms, the court has discretion to sever them. Here, however, the court concludes that the agreement is permeated with unconscionability and the purpose of the agreement is one-sided. Under those circumstances, the court declines to sever. (*Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478,

516–517 ["This part of the inquiry focuses on whether mere severance of the unconscionable terms would function to condone an illegal scheme and whether the defects in the agreement indicate that the stronger party engaged in a systematic effort to impose arbitration on the weaker party not simply as an alternative to litigation, but to secure a forum that works to the stronger party's advantage. If the answer to either question is yes, the court should refuse to enforce the agreement."] [citation simplified].)

Illegality: Portugal contends that the entire contract is void because it is a contract with an illegal end, i.e. gambling in violation of California law and policy. The resolution of this question presents evidentiary issues about whether the contract in fact is one for illegal gambling that the court declines to reach on the papers; this is a central dispute in the case and would swallow the merits. Because the court has concluded that the arbitration agreement is unenforceable as unconscionable, and its scope does not cover the dispute here, it does not reach this independent ground to reject the motion.

Dated: August 28, 2025

Christine Van Aken
Judge of the Superior Court

I, the undersigned, certify that I am an employee of the Superior Court of California, County Of San Francisco and not a party to the above-entitled cause and that on September 02, 2025 I served the foregoing order on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Date: September 02, 2025 By: VICTOR DA FONSECA

BRITTANY S. SCOTT
SMITH KRIVOSHEY, PC
166 GEARY STREET
STE. 1500-1507
SAN FRANCISCO, CA 94108

LAUREN M. CASE
SPEAR TOWER
ONE MARKET PLAZA
SUITE 2200
SAN FRANCISCO, CA 94105