**DUANE MORRIS LLP.**
Sean Patterson (SBN 234565)
Daniel D. Wall (SBN 311391)
Spear Tower
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001
CSPatterson@duanemorris.com
DWall@duanemorris.com

Attorneys for Defendant
MY TECHNOLOGY, INC., d/b/a MYPRIZE.US

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAYMOND MIRZAYAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MY TECHNOLOGY, INC., d/b/a MYPRIZE.US,<br><br>Defendant. | Case No. 3:25-cv-07313-JSC<br><br>**JOINT STIPULATION OF PARTIES TO STAY THE ACTION PENDING ARBITRABILITY ISSUES**<br><br>Dept:    Courtroom 8, 19th Floor<br>Judge:   Judge Jacqueline Scott Corley<br><br>Trial Date: None Set<br>Date Class Action Filed: August 8, 2025 |

1. Plaintiff Raymond Mirzayan ("Plaintiff") and Defendant My Technology d/b/a MyPrize ("Defendant") (collectively, the "Parties" and individually, a "Party") hereby stipulate, by and through their respective counsel, as follows:

  1. This Stipulation is agreed and was reached following a conference of the Parties which took place on December 23, 2025, by way of telephone conference. The following counsel were in attendance: Sean Patterson and Daniel D. Wall for Defendant and Edwin Elliott and Gabriel Mandler for Plaintiff.

  2. During the conference, the Parties discussed Defendant's Motion to Compel Arbitration (the "Motion") that was filed on November 24, 2025, and Plaintiff's opposition, filed on January 23, 2026.

  3. The parties have conferred and agree that, without waiver of Plaintiff's rights or arguments set forth in Paragraph 4, Plaintiff's claims shall be submitted in arbitration and that this action should be stayed pending the outcome of the arbitration pursuant to Supreme Court precedent. *See Smith v. Spizzirri*, 601 U.S. 472, 474 (2024) (Section 3 of the FAA does not "permit[] a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration").

  4. By agreeing to submit his claims to arbitration, Plaintiff does not waive, and expressly preserves, all rights and arguments regarding: (1) the formation, scope, validity, and enforceability of Defendant's terms of service, including but not limited to, those raised in Plaintiff's opposition; (2) challenges to the arbitration provision itself; (3) challenges to the delegation provision contained within the arbitration provision; (4) disputes over which version of the terms of service apply (if any); (5) all rights to judicial review and appeal; and (6) which party bears the burden of proving a valid, enforceable agreement. Plaintiff does not concede the merits of his claims are subject to arbitration, and will not concede unless and until an arbitrator first determines that the dispute properly belongs in arbitration.

  5. Defendant does not waive, and expressly preserves, all defenses available to it under Federal Rule of Civil Procedure 12(b) and otherwise should the matter return to this Court after arbitration, including lack of personal jurisdiction and the right to seek, in the alternative,

1  dismissal or transfer of Plaintiff's claims pursuant to the forum selection clause in Defendant's terms of service.  Defendant further does not waive and expressly reserves all arguments and defenses regarding the enumerated items listed in paragraph 4.

6. Nonetheless, to streamline resolution of this dispute, the Parties have agreed that Plaintiff will initiate an arbitration before JAMS in accordance with the version of the terms of service that was applicable when Plaintiff created an account.[1]

7. In reaching this Stipulation, Defendant agrees that it shall not raise, as a bar to Plaintiff's request for a threshold arbitrability determination, any alleged failure of the condition precedent of the Initial Dispute Resolution Procedure, as required by Section 15 of the Terms of Service. *See* Ex. 1, § 15.

8. Accordingly, the Parties now by this Stipulation, respectfully request that the Court stay further proceedings as between the Parties until completion of the arbitration.

9. This Stipulation is entered into solely for purposes of this action. This Stipulation, and any conduct or agreement reflected herein, shall not be cited, relied upon, or otherwise used in any other proceeding or case for any purpose whatsoever. However, it is agreed that this Stipulation and the agreements herein, can be cited, relied upon, or otherwise used in this action or the aforementioned arbitration, and in any corresponding appeals or any other proceedings between Plaintiff and Defendant. This Stipulation shall not be construed as an admission by any Party regarding any issues addressed herein or in the Motion.

10. The Parties otherwise reserve any and all other arguments, theories, claims, and defenses concerning the Plaintiff's claim and applicability, validity, and effect of the terms of the terms of service.

11. The Parties agree that a stay of this action pending the outcome of arbitration proceedings is requested in good faith, will not cause undue delay, and promotes the interests of judicial economy.

---

[1] A true and accurate copy of the terms of service, dated January 6, 2025, is attached hereto as **Exhibit 1** and made a part hereof.

WHEREFORE, the Parties request the Court to enter an order staying further proceedings as between the Parties pending the result of the arbitration.

**IT IS SO STIPULATED AND AGREED.**

Dated: February 6, 2026                **DUANE MORRIS LLP**

By: /s/ *Daniel D. Wall*
Sean Patterson
Daniel D. Wall
Attorneys for Defendant
MY TECHNOLOGY, INC., d/b/a
MYPRIZE.US

Dated: February 6, 2026                **EDELSBERG LAW, PA**

By: /s/ *Scott Edelsberg*
Scott Edelsberg
Gabriel Mandler
Attorneys for Plaintiff
RAYMOND MIRZAYAN

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)**

Pursuant to Civil Local Rule 5-1(i), I, Daniel D. Wall, hereby attest that I have obtained the concurrence in the filing of this document from the signatory to this document.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Dated: February 6, 2026

                                          */s/ Daniel D. Wall*
                                            Daniel D. Wall